valuation placed thereon by the witness. The total amount of these valuations is $64,296. The petitioner has wholly failed to prove the number of shares of capital stock if any, which it issued, or the par value of the same, and what, if any, property was paid into the petitioner for stock. There is nothing in the pleadings or the evidence from which we can make even a findings of fact as to this issue. The petitioner has wholly failed to substantiate the allegations of the petition and we can, therefore, only affirm the respondent's determination.

On the third issue our decision is in favor of the petitioner. We have heretofore held in *L. S. Ayers & Co.;* 1 B. T. A. 1135, that the invested capital of a corporation may not be reduced in determining the extent to which a dividend is paid from current earnings of a year, by a " tentative tax " theoretically set aside out of such earnings pro rata over such year, because the income and profits tax does not become due and payable and, therefore, does not accrue, until the following year. The rule announced in the *Ayers* case applies to the present proceeding.

*Judgment will be entered under Rule 50.*

CHARLES HARTMANN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18930.   Promulgated November 13, 1928.

*Robert P. Smith, Esq.,* and *Hobart Richey, Esq.,* for the petitioner.
*R. H. Ritterbush, Esq.,* for the respondent.

148

WELCH, HOLME & CLARK CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12102.   Promulgated November 13, 1928.

*Frank C. Myers, Esq.*, for the petitioner.
*Frank S. Easby-Smith, Esq.*, for the respondent.